UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIE WEAVER, Plaintiff, v. CLERK, USCA 9TH CIRCUIT, Defendant. | Case No. 17-cv-05486-VC (PR) **ORDER DENYING, UNDER 28 U.S.C. § 1915(G), MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** **DKT. NO. 3** |
|---|---|

Willie Weaver, a state prisoner, has filed a complaint alleging civil rights violations under 42 U.S.C. § 1983 against the Clerk of the Ninth Circuit Court of Appeals. Weaver has filed a motion to proceed in forma pauperis ("IFP"). For the following reasons, the motion to proceed IFP is denied and the complaint is dismissed without prejudice to filing a new paid complaint.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If a plaintiff has three strikes under § 1915(g), he may still proceed IFP if he can show that he was in imminent danger at the time of filing his complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Overly speculative, fanciful or conclusory allegations of imminent danger may be rejected. *Id.* at 1057 n.11; *see also Pettus v. Morgenthau*, 554 F.3d 293, 299 (2nd Cir. 2009) (plaintiff must show imminent danger

is fairly traceable to the unlawful conduct asserted in the complaint and a favorable outcome would redress the injury). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Weaver has filed many cases in federal court. *In re Willie Weaver*, No. C 14-0046 RS (PR), lists four prior prisoner complaints dismissed by a federal court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. These cases are: (1) *Weaver v. Pelican Bay State Prison*, No. C 04-3077 (JW) (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Weaver v. Nimrod*, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) *Weaver v. Pelican Bay State Prison Mail Room*, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); and *Weaver v. Daniel*, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same).

Because the dismissals of at least four of Weaver's past cases qualify as strikes under § 1915(g), he may proceed IFP only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing his complaint. *See Andrews*, 493 F.3d at 1053.

The allegations in Weaver's complaint are that the Clerk of the Ninth Circuit Court of Appeals failed to comply with the First Amendment. Weaver also alleges that he "faces a substantial risk of serious harm and injury here, which is imminent at the time of filing." The Court finds the allegations do not show Weaver was in imminent physical danger from the Clerk of the Ninth Circuit Court of Appeals when he filed his complaint and rejects Weaver's conclusory allegations that he was. Furthermore, the allegations are insufficient to show any imminent physical danger is fairly traceable to any alleged unlawful conduct.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Weaver's motion to proceed IFP is denied. Dkt. No. 3.

2. This case is dismissed without prejudice to Weaver filing a new complaint with the full

2

$400 filing fee.

3. The Court certifies that any appeal taken from this order is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

4. The Clerk of the Court shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated:   November 14, 2017

_____
VINCE CHHABRIA
United States District Judge